```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X

HECTOR ABREU,
                                              FIRST AMEMDED
                           Plaintiff,         COMPLAINT

            -against-                         15 Civ. 1198 (AJN)

THE CITY OF NEW YORK; LIEUTENANT CHAD
ROSENBERG, TAX # 929088; DETECTIVE MORGAN
JONES, TAX # 914825; DETECTIVE LOUIS          Jury Trial Demanded
DAMBROSIO, TAX # 932513; DETECTIVE JESUS
COLON, TAX # 943096; DETECTIVE ANDREW
ALI, TAX # 946440; UNDERCOVER U/C C0268;
and P.O. YOUNG, the individual
defendant(s) sued individually and in
their official capacities,

                           Defendants.

------------------------------------ X
```

**PRELIMINARY STATEMENT**

1.   This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York.  Plaintiff's claims arise from an incident that arose on or about November 23, 2013.  During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to: false arrest; unreasonable force; fabricated evidence; malicious prosecution; denial of a fair trial; implementation and continuation of an

unlawful municipal policy, practice, and custom; and respondeat superior liability.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A notice of claim was duly filed on the City of New York within 90 days of the claim at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claim.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of that claim.

4.   Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.


**PARTIES**

5. Plaintiff Hector Abreu is a resident of the State of New York, New York County.

6. At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. At all times alleged herein, defendants Lieutenant Chad Rosenberg, Tax # 929088; Detective Morgan Jones, Tax # 914825; Detective Louis Dambrosio, Tax # 932513; Detective Jesus Colon, Tax # 943096; Detective Andrew Ali, Tax # 946440; Undercover U/C C0268; and P.O. Young were New York City Police Officers employed with the Narcotics Boro Manhattan North, located in New York County, New York, or an other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

**Incident**

9. On November 23, 2013, defendants P.O. Cologne, P.O. Ali, P.O. Young, and P.O. John Does # 1-5, at times acting

3

in concert, and at times acting independently, committed the following illegal acts against plaintiff.

10. November 23, 2013, at approximately 11:00 a.m., at and in the vicinity of 516 West 144th Street, New York, New York, defendants Lt. Rosenberg, Det. Jones, Det. Dambrosio, Det. Colon, Det. Ali, Undercover U/C C0268, and P.O. Young, without either consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

11. Plaintiff was walking when the police suddenly approached him.

12. The police searched plaintiff on the street.

13. The police found no weapons, contraband or controlled substances on plaintiff.

14. The police grabbed plaintiff.

15. The police twisted plaintiff's arms and placed him in excessively tight handcuffs.

16. The police placed plaintiff into a police vehicle.

17. The police transported plaintiff to the 30th Precinct.

18. At the 30th Precinct, the police strip-searched plaintiff in a non-private manner.

19. No contraband was found on plaintiff.

20. The police transported plaintiff to Manhattan Central Booking for arraignment.

21. In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated, and falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed various crimes, by swearing out a false complaint, filing false police reports, and falsely testifying.

22. The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and/or to justify overtime expenditures.

23. Based upon the defendants' false information, the New York County District Attorney's Office chose to prosecute plaintiff for sale of a controlled substance.

24. Upon information and belief, the unlawful actions against plaintiff were also based on profiling.

25. After having to appear in criminal court several times, the charges against plaintiff were dismissed in their entirety on July 8, 2014, terminating in plaintiff's favor.

**General Allegations**

26. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

27. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-stated incidents.

28. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner.

29. The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

30. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

31.     Plaintiff is entitled to receive punitive damages from the individual defendants because their actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

32.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

33.     Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion.

34.     Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM
### (UNREASONABLE FORCE)

35.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

36.     The individual defendants' use of force upon plaintiff, as described herein, was objectively unreasonable.

37.     Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42

U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### THIRD CLAIM

### (FAILURE TO INTERVENE)

38. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

40. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL)

41. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

42. The individual defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, including omitting and/or manipulating evidence, and suppressing exculpatory evidence and forwarded that false evidence to prosecutors and the court.

43. Furthermore, the individual defendants violated the law by testifying falsely and making false statements by

drafting and signing false criminal court complaints and/or false police reports and forwarding them to prosecutors and the court.

44. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it is well established that individuals who knowingly use false evidence to obtain a conviction act unconstitutionally, depriving plaintiff of liberty without due process of law, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

45. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46. The individual defendants are liable to plaintiff for malicious prosecution because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

47. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

48. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

49. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

## **SIXTH CLAIM**

### **(MONELL CLAIM)**

50. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

52. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully arresting individuals based on pretexts; (3) using unreasonable force on individuals; and (4) fabricating evidence against innocent persons.

53. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts

alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

54. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

55. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

56. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the

NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

58.  The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

### SEVENTH CLAIM

### (RESPONDEAT SUPERIOR)

59.  Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

60.  The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above-described malicious prosecution of plaintiff.

61. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE,** plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
July 7, 2015

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, Ste. 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

\_\_\_s/_____
MICHAEL O. HUESTON